For Plaintiff: Archambault & Jalbert.

For Defendant: William C. H. Brand.

### 165

Cranston Print Works
vs. } No.42692
American Telephone & Telegraph Co.

May 17, 1918

BARROWS, J. Heard on demurrer to declaration. The action is based on a covenant of indemnity. Some of the legal questions involved have been before the Court in Law No. 41419 and rescripts have been filed by Tanner, P. J., and by this Court. The demurrer in the present case raises again numerous questions which have been passed upon and we do not need to consider them.

The chief points now urged are: (1) that the declaration does not properly allege that the Telegraph Company negligently left the stump; and (2) that it shows that the poles were erected and maintained subject to the control of plaintiff.

Examination of the former rescripts shows that we did not suggest that negligence of the indemnitor must be alleged if the suit were based upon the covenant. Counsel err in supposing that we intended to suggest that negligence must necessarily be alleged by the plaintiff. We merely suggested that the covenant did not guarantee against any and all loss with which the pole could be connected, and cited authority to show that if the primary cause of the damage was the negligence of the indemnitee, that the contract did not cover such a situation. We find nothing in the present declaration to show that any act or omission of the plaintiff was the cause of the damage. The declaration states that the pole was cut down by defendant or its successors and that they left the stump projecting above the ground. It avers that leaving the stump and its maintenance in such condition was the primary and whole cause of the injury. Defendant's alleged wrongful act is clearly stated to be the maintenance of the stump as a nui-

sance dangerous to travelers, and the declaration negatives any contributing cause from other sources. We find

### 166

nothing to show that plaintiff consented to the maintenance of the nuisance, nor do we find anything in the covenant by which plaintiff became a participant in defendant's alleged wrongful act. The fact that plaintiff had the right to remove the stump if defendant company refused to do so after notice is not participation in the maintenace of the stump when there is nothing to show that plaintiff ever ordered the removal or even knew of the presence of the stump.

Demurrer overruled on all grounds.

For Plaintiff: Herbert Almy.

For Defendant: Edwards & Angell.